UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 10-287-KKC

CARROLL MARTIN                                                                                    PLAINTIFF

v.     **MEMORANDUM OPINION AND ORDER**

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Carroll Martin and Defendant Michael J. Astrue, Commissioner of Social Security. Rec. 9, 10. For the reasons set forth below, the Court will deny the Plaintiff's motion and will grant the Defendant's motion.

## I.     FACTS AND PROCEDURAL HISTORY

The Plaintiff is a forty-two year old male with a high school equivalency diploma. AR 22, 177. He has past relevant work experience as a window cleaner, stocker, and gas station attendant. AR 35-37. He alleges disability beginning on June 30, 2005 due to a ruptured disc in his back, chronic back pain, anxiety, ADHD, and depression. AR 38, 44, 171.

On August 27, 2007, the Plaintiff filed an application for a period of disability and Disability Insurance Benefits. AR 12. These claims were denied initially and upon reconsideration. AR 12, 88-94. The Plaintiff then requested a hearing before an Administrative Law Judge. AR 12. The request was granted and a hearing was held on November 3, 2009. AR 12, 29-59.

On November 13, 2009, Administrative Law Judge Don Paris determined that the Plaintiff was not disabled as defined by the Social Security Act. AR 12-24. The Plaintiff filed a

request for review by the Social Security Administration's Appeals Council, but the request was denied. AR 1-5. Consequently, the ALJ's decision became the final decision of the Commissioner. Since the Plaintiff has exhausted all of his administrative remedies, his claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F.

App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the

3

claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since June 30, 2005, the alleged onset date. AR 14. At step two, the ALJ found that the Plaintiff had the following severe impairments: obesity, chronic back pain at L5-S, substance induced mood disorder, personality disorder, and polysubstance abuse. AR 14. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18.

> Prior to step four, the ALJ determined that the Plaintiff had the RFC to:
>
> perform light exertional work activities, occasionally lift/carry 20 pounds, frequently 10 pounds; stand/walk 6 hours in a 8-hour day; sit 6 hours in a 8-hour day; only occasionally push/pull or use foot controls with right lower extremity; only occasional climbing of stairs/ramps, never ladders/ropes/scaffolds; only occasional stooping, kneeling or crouching, no more than frequent balancing, never crawling; he should avoid concentrated exposure to full body vibration and because of his pain medications he should avoid hazards such as unprotected heights and dangerous machinery; he also suffers with a mental impairment and he would be limited to performing simple work activities in a low stress object focused work environment in which contact with co-workers and supervisors is infrequent and casual in a non-public work setting in which changes in work activities is routine and gradual.

AR 20. The ALJ determined at step four that the Plaintiff was unable to perform any past relevant work. AR 22. However, at step five, the ALJ determined that based on the Plaintiff's age,

4

education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed. AR 22-23. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 24.

### D. Analysis

The Plaintiff raises several arguments in support of his claim that the Commissioner's decision denying benefits is not supported by substantial evidence. The Court will address each of these arguments in turn.

#### 1. Treating Physician's Opinion

The Plaintiff claims that the ALJ erred by failing to give sufficient deference to the opinions of his treating orthopedics surgeon, Dr. Lockstadt, and by failing to give adequate reasons for refusing to accept Dr. Lockstadt's opinions.

In general, an ALJ should give more weight to the opinions of treating physicians than other sources because

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (citing *Young v. Sec'y of Health & Human Servs.*,

925 F.2d 146, 151 (6th Cir. 1990)). In other words, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle*, 998 F.2d at 348.

In this case, the ALJ actually incorporated many of Dr. Lockstadt's opinions in his RFC finding. AR 20. In June and November 2006, Dr. Lockstadt opined that the Plaintiff could perform light work, occasionally lift objects weighing up to twenty pounds, frequently stand and walk, occasionally climb stairs, occasionally push and pull, and never climb ladders. AR 366-68. Since the ALJ specifically included these opinions in his RFC finding, the Court rejects the Plaintiff's argument that the ALJ failed to give sufficient deference to Dr. Lockstadt's opinions.

It is true that in his RFC finding, the ALJ did not incorporate Dr. Lockstadt's opinion that the Plaintiff was limited to occasional sitting and needed to alternate between sitting, standing, and walking with frequent changes in posture. However, the ALJ discussed substantial medical evidence which did not support such a restrictive RFC. AR 21. Specifically, the ALJ found that although the Plaintiff "complains of disabling back pain . . . [an] MRI performed on August 1, 2005 was largely unrevealing. There was a trace bit of central disc bulging at L5-S1 with no evidence of nerve root compression." AR 21, 212. Even Dr. Lockstadt's own treatment records reveal that a sensory and motor examination was negative for nerve root compression. AR 354. The ALJ also found that a 2005 CT scan revealed no significant canal stenosis and a 2005 CT myelogram was normal. AR 21, 212. The ALJ further noted that the Plaintiff exhibited a normal gait and station, had no evidence of herniation, and had no tenderness of the lumbar spine. AR 216, 229, 289. In light of this and other evidence, the Court finds that although a treating physician's opinions should ordinarily be given significant deference, the ALJ's decision to reject some of Dr. Lockstadt's opinions was supported by substantial evidence. AR 21.

## 2. Examining Psychiatrist's Opinion

The Plaintiff cursorily argues that the ALJ failed to give appropriate weight to the opinion of his examining psychiatrist, Dr. Gupta. Dr. Gupta stated that the Plaintiff had severe post-traumatic stress disorder, severe acute depression (without psychotic features), paranoid personality features, and a Global Assessment of Functioning (GAF) score of 35. AR 282-86.

According to the Sixth Circuit, the opinion of a consulting physician is not entitled to the deference due to the opinion of a treating physician. *See e.g., Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Even if Dr. Gupta's opinions were entitled to significant deference, the ALJ found that substantial evidence refuted Dr. Gupta's findings. First, consultative examiner Dr. Highland gave the Plaintiff a GAF score of 51 and found that the Plaintiff had a fair ability to understand, follow, and retain simple one and two-step instructions, as well as a fair ability to adapt and respond to pressures normally found in a day-to-day work setting. AR 17, 308. Second, state agency psychologists found that the Plaintiff's mental impairments caused only moderate limitations in social functioning and concentration. AR 22, 313-40. Third, the Plaintiff's medical records reveal that he was attentive, goal-oriented, and had an average intellectual function. AR 258-60. Based on this and other evidence, the Court finds that the ALJ's decision to give Dr. Gupta's opinions little weight was supported by substantial evidence.

## 3. The Combined Effects of the Plaintiff's Impairments

The Plaintiff claims that the ALJ did not take into account the cumulative effect of his impairments. The Sixth Circuit has recognized that "[i]n reaching a determination as to disability, the ALJ is to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render

7

the claimant disabled." *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992) (citing 20 C.F.R. § 404.1523).

In this case, while the Plaintiff clearly disagrees with the ALJ's decision, he fails to explain in what regard the ALJ failed to consider the combined effects of his impairments, or what impairments the ALJ failed to consider. In fact, a review of the ALJ's decision reveals that he repeatedly referred to the Plaintiff's combination of impairments. For example, in making an adverse credibility determination on the Plaintiff's testimony, the ALJ noted that while the Plaintiff's "impairments" could reasonably be expected to produce the alleged symptoms, his statements about the intensity, persistence and limiting effects of those symptoms were not credible. AR 21. The fact that the ALJ referred to a "combination of impairments" and found several of these impairments severe, before subsequently discussing them individually, indicates that he properly considered their combined effects. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).

### 4. The Plaintiff's Ability to Hold a Job

Finally, the Plaintiff argues that he can only be found capable of performing substantial gainful activity if he can hold a job for a significant period of time. The Plaintiff claims that the ALJ did not consider this requirement or the exertional and non-exertional restrictions placed upon him due to his physical and mental limitations. The Plaintiff relies on *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), where the Ninth Circuit found that "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." *Id.* at 694. The Sixth Circuit has also recognized that the concept of substantial gainful activity is subject to a durational

requirement. *See Parish v. Califano*, 642 F.2d 188, 192 (6th Cir. 1981) ("The phrase 'substantial gainful activity' implies employment with some degree of regularity"). However, the Court finds that the present case is distinguishable from *Gatliff*.

In *Gatliff*, neither party disputed that the claimant could not maintain any single job for longer than two months. *Gatliff*, 172 F.3d at 694. In this case, the ALJ's RFC determination did not impose any durational limitations on the Plaintiff's ability to perform a significant number of jobs in the national economy. The fact that the ALJ did not impose any such durational limitations on the Plaintiff's RFC necessarily implies that such limitations did not exist. *See Coots v. Astrue*, 2009 WL 1326260, at *7 (E.D. Ky. 2009) ("implicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of *maintaining* employment. . . . Plaintiff does not explain why an individual with Plaintiff's RFC would be unable to maintain employment") (internal quotations omitted).

Without adequately explaining the basis for his assertion, the Plaintiff claims that the medical evidence in the record establishes that he will not be able to hold a job for the significant period of time required to meet the durational requirement for substantial gainful employment. Because the Plaintiff has failed to provide any specific reasons for this line of argument and because the Court finds that the ALJ's RFC determination implied that the Plaintiff's combination of impairments would not preclude him from maintaining employment on an ongoing basis, the Court finds that this argument is without merit.

## III. CONCLUSION

For the reasons set forth above, the Court holds that the Commissioner's decision denying the Plaintiff's claim for benefits is supported by substantial evidence in the record. Accordingly,

9

it is **HEREBY ORDERED** as follows:

(1)  Plaintiff's Motion for Summary Judgment (Rec. No. 9) is **DENIED**;

(2)  The Commissioner's Motion for Summary Judgment (Rec. No. 10) is **GRANTED**; and

(3)  A Judgment shall enter concurrently with this Memorandum Opinion and Order.

Dated this 8th day of February, 2011.

Signed By:
*Karen K. Caldwell*
**United States District Judge**